AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) |
| Jorge A. Riley | ) Case No. |
| | ) |
| | ) |
| | ) |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____ Jorge A. Riley _____,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☒ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1512(c)(2)- Obstructing or Impeding Any Official Proceeding;
18 U.S.C. 1752 (a)(1)&(2)- Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. 5104(e)(2)(D) &(G)- Violent Entry and Disorderly Conduct on Capitol Grounds

Date: 01/18/2021

2021.01.18 21:09:24 -05'00'

*Issuing officer's signature*

City and state: Washington D.C.    Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 1/18/2021, and the person was arrested on *(date)* 1/19/2021
at *(city and state)* Sacramento, CA.

Date: 1/19/2021

*Arresting officer's signature*

David Doh, Special Agent, FBI
*Printed name and title*

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 2:21-mj-0013-DB |
| ) | |
| JORGE A. RILEY ) | |
| *Defendant* ) | |

**FILED**
Jan 27, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

| | |
|---|---|
| ☐ | Significant family or other ties outside the United States |
| ☐ | Lack of legal status in the United States |
| ☐ | Subject to removal or deportation after serving any period of incarceration |
| x | Prior failure to appear in court as ordered |
| ☐ | Prior attempt(s) to evade law enforcement |
| ☐ | Use of alias(es) or false documents |
| ☐ | Background information unknown or unverified |
| x | Prior violations of probation, parole, or supervised release |

OTHER REASONS OR FURTHER EXPLANATION:

Defendant's statement before the incident: "Hey We're storming the Capitol…" Defendant's statements after the incident: "We broke windows, we went into the door, we pushed our way in…" "I won't say I stood by.  Come take my life. I'm right here…" "You will all die."

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   January 27, 2021                              /s/ Carolyn K. Delaney
                                                        Carolyn K. Delaney, United States Magistrate Judge

```
1  HEATHER E. WILLIAMS, Bar #122664
   Federal Defender
2  TIMOTHY ZINDEL, Bar #158377
   Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, CA  95814
4  Telephone: (916) 498-5700
   Fax: (916) 498-5710
5

6  Attorneys for Defendant
   JORGE AARON RILEY
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:21-MJ-0013 DB |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES RE DETENTION |
| JORGE AARON RILEY, | |
| Defendant. | Date: January 27, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Carolyn K. Delaney |

The Court has no power under the Bail Reform Act to detain Mr. Riley. The Act limits the power to order a defendant detained pending trial to a discrete list of circumstances, none of which are present here. The Act instead requires the Court to release Mr. Riley pending trial.

**1. Factual and Procedural Background.**

On January 18, 2021, an FBI Special Agent prepared a criminal complaint alleging that Mr. Riley committed three non-violent offenses in the District of Columbia on January 6, 2021, when he entered the U.S. Capitol along with thousands of others who had been called to a rally by the President of the United States, who hoped to stop Congress from certifying the results of the 2020 Presidential election so that he could remain in office.

The complaint alleges one felony, obstructing or impeding an official proceeding, 18 U.S.C. § 1512(c)(2); one Class A misdemeanor, knowingly entering a restricted building, 18

U.S.C. § 1752(a)(1) & (2); and one petty offense, disorderly conduct in the Capitol, 40 U.S.C. § 5104(e)(2)(D) & (G). The charged offenses are all non-violent. While the face-sheet of the complaint labels the petty offense charge as "violent entry," the provisions of the charged Title 40 offense prohibit only "loud, threatening, or abusive language, or . . . disorderly conduct" (subd. (e)(2)(D)) or to "parade, demonstrate, or picket" (subd. (e)(2)(G)).

At Mr. Riley's first appearance on January 20, 2021, the government made a routine motion to detain Mr. Riley "on the basis of flight and danger." Hearing was continued to January 25 so that Pretrial Services could interview Mr. Riley, which it was able to do this morning. At the continued hearing on January 25, defense counsel objected that the Court lacked authority under the Bail Reform Act to detain Mr. Riley, considering the nature of the charges and the absence of any factor authorizing pretrial detention. The Court ordered briefing on the objection.

The sole question addressed in this memorandum is whether the Court has power to detain Mr. Riley pretrial without first finding that the case involves one of the circumstances listed at 18 U.S.C. § 3142(f), the part of the Bail Reform Act that authorizes a "detention hearing" rather than release on personal recognizance, unsecured bond, or other conditions.

**2. The Law Requires the Court to Release Mr. Riley.**

The Bail Reform Act, 18 U.S.C. § 3141 et seq., gives the Court discrete options "[u]pon the appearance . . . of a person charged with an offense" who is brought before the Court for the first time, in or out of custody. 18 U.S.C. § 3142(a). The government has moved the Court to order Mr. Riley "detained," an action that must be done "under subsection (e)" of section 3142. 18 U.S.C. § 3142(a)(4).

Under subsection (e), a person may be ordered detained only "after a hearing pursuant to the provisions of subsection (f)" of section 3142. Subsection (f) carefully circumscribes the conditions under which the court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." If none of these circumstances exist, the Court has no power to detain a person pretrial. Instead, it must "issue an order that, pending

2

trial, the person be" either "released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b)" or, if such a release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," it may release the person subject to the conditions listed at subsection (c).  18 U.S.C. § 3142(a).

Subsection (f), "Detention hearing," lists seven conditions that must be met before the Court may order a person detained pretrial.  Subsection (f)(1) lists five conditions upon which an "attorney for the Government" may move the Court to hold a detention hearing.

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code;

Subsection (f)(2) lists two conditions upon which either "the attorney for the Government" or the court itself may hold a detention hearing:  "in a case that involves" either "(A) a serious risk that such person will flee" or "(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3

1    None of these factors is present in this case. Mr. Riley is not charged with a crime of
2    violence, an offense with a maximum term of life imprisonment or death, or a drug offense; he
3    has not been convicted of "two or more offense" falling into these categories; and he is not
4    accused of a crime "that involves a minor victim" or a "firearm or destructive device." He poses
5    no risk of flight, having been arrested at his home during a widely-publicized effort to identify
6    and arrest persons who entered the Capitol building on January 6; the complaint states that he
7    posted his address on Facebook after entering the Capitol along with the comment, "I'm right
8    here." And he poses no risk of obstructing justice: the evidence detailed in the complaint
9    consists of his own Facebook postings, a contemporaneous video-recorded interview, and selfies.
10   The Supreme Court held in 1987 that a "detention hearing" may be held only if one of the
11   factors enumerated in section 3142(f) is present. *United States v. Salerno*, 481 U.S. 739, 747
12   (1987). "The Bail Reform Act carefully limits the circumstances under which detention may be
13   sought to the most serious of crimes. *See* 18 U.S.C. § 3142(f) (detention hearings available if
14   case involves crimes of violence, offenses for which the sentence is life imprisonment or death,
15   serious drug offenses, or certain repeat offenders)." Section 3142(f) "operates only on
16   individuals who have been arrested for a specific category of extremely serious offenses." *Id.* at
17   750. These limitations are what make the Act consistent with the Constitution.
18   Courts of Appeal, including the Ninth Circuit, have also ruled that detention is unlawful
19   unless one of the circumstances set forth in subsection (f) is present in the case. In *United States*
20   *v. Twine*, 344 F.3d 987 (9th Cir. 2003)(*per curiam*)(reh'g *en banc* denied, 362 F.3d at 1163 (9th
21   Cir. 2004)), the Court wrote:

> We are not persuaded that the Bail Reform Act authorizes pretrial detention
> without bail based solely on a finding of dangerousness. This interpretation of the
> Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2). Our interpretation
> is in accord with our sister circuits who have ruled on this issue. *See United States
> v. Byrd*, 969 F.2d 106 (5th Cir.1992); *United States v. Ploof*, 851 F.2d 7 (1st
> Cir.1988); *United States v. Himler*, 797 F.2d 156 (3d Cir.1986).

26   The Court in *Twine* held that a man charged with felon in possession of a firearm could not be
27   detained pretrial because the charge "is not a crime of violence for purposes of the Bail Reform
28   Act." In 2006, Congress amended subsection (f) to add "any felony that is not otherwise a crime

of violence that . . . involves the possession . . . of a firearm" to the list of offenses for which a detention hearing could be held, thus undoing *Twine*'s ruling as to persons charged with violating 18 U.S.C. § 922(g). But the amendment did not change the rule of *Twine* that detention is limited to cases falling into one of the categories listed in subsections (f)(1) and (f)(2).

Other Circuits follow the same rule, limiting the detention power to cases falling into one of the categories enumerated in subsection (f). In *United States v. Ploof*, the First Circuit held that evidence of defendant's plan to kill someone did not justify detention when the only crimes charged were white-collar. 851 F.2d 7, 11 (1st Cir. 1988). The Court held, "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." *Id.* In *United States v. Byrd,* 969 F.2d 106, 110 (5th Cir. 1992), the Fifth Circuit vacated a detention order because the government could not establish that to knowingly receive child pornography through the mail was covered by section 3142(f) (a holding also undermined by a subsequent amendment to subsection (f) extending the list of covered cases to include a case "that involves a minor victim"). The Court held that a detention hearing "can be held only if one of the . . . circumstances listed in (f)(1) and (2) is present" and that "[d]etention can be ordered . . . only 'in a case that involves' one of the . . . circumstances listed in (f)." *Id.* at 109 (quoting 18 U.S.C. § 3142(f)). The District of Columbia Circuit Court of Appeals says, "[d]etention until trial is relatively difficult to impose. First, a judicial officer must find one of six circumstances triggering a detention hearing. See 18 U.S.C. § 3142(f). Absent one of these circumstances, detention is not an option." *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999).

It seems to have become a common local practice to ignore this important limitation on the detention power. The Pretrial Services report takes detention for granted, although the office used to routinely recognize the statutory limitation, especially before the Act was amended to add child pornography and firearms offense to subsection (f). Those offenses were common in this district before subsection (f) was amended and persons charged with them were released rather than detained. It may be a good time to remind everyone of the basic principles of pretrial release described 35 years ago by the Ninth Circuit in *United States v, Motamedi*, 767 F.2d 1403,

1405 (9th Cir. 1985).

[F]ederal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 1 (1951); *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972). Only in rare circumstances should release be denied. *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (1968) (Black, J., in chambers); *United States v. Schiavo*, 587 F.2d 532, 533 (1st Cir.1978); *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir.), cert. denied, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). Doubts regarding the propriety of release should be resolved in favor of the defendant. *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed. 1299 (1955) (Douglas, J., in chambers); *United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir.1979), cert. denied, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980).

The law requires the Court to order Mr. Riley released pending trial.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: January 25, 2021

*/s/ T. Zindel*
TIMOTHY ZINDEL
Assistant Federal Defender
Counsel for JORGE AARON RILEY

6

CLOSED

## U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-00013-DB-1

Case title: USA v. Riley  
Other court case number: 21-MJ-110 District of Columbia

Date Filed: 01/20/2021  
Date Terminated: 01/27/2021

Assigned to: Magistrate Judge Deborah Barnes

**Defendant (1)**

**Jorge A Riley**  
*TERMINATED: 01/27/2021*

represented by **Timothy Zindel**  
Office of the Federal Defender  
801 I Street, 3rd Floor  
Sacramento, CA 95814  
916-498-5700  
Fax: 916-498-5710  
Email: timothy_zindel@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**  
None

**Disposition**

**Highest Offense Level (Opening)**  
None

**Terminated Counts**  
None

**Disposition**

**Highest Offense Level (Terminated)**  
None

**Complaints**  
RULE 5(c)(3)

**Disposition**

**Plaintiff**

USA

represented by **Heiko Philipp Coppola , GOVT**  
United States Attorney's Office  
501 I Street

Suite 10-100
Sacramento, CA 95814
916-554-2770
Fax: 916-554-2900
Email: heiko.coppola@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2021 |   | RULE 5(c)(3) ARREST from District of Columbia. Case 21-MJ-110 as to Jorge A Riley (1). (Buzo, P) (Entered: 01/20/2021) |
| 01/20/2021 | 1 | MINUTES (Text Only) for proceedings held via video conference before Magistrate Judge Deborah Barnes: INITIAL APPEARANCE in RULE 5(c)(3) PROCEEDINGS (Complaint; District of Columbia; 21-MJ-110) as to Jorge A Riley held on 1/20/2021. Jorge A Riley in custody, appeared by video. Appearance entered by Timothy Zindel, Office of the Federal Defender, appointed for Jorge A Riley in this district only for today's proceedings. Heiko Coppola appeared on behalf of the Govt in this district. Parties consented to zoom appearance. Dft waived formal reading, advised rights and pending charges, waived identity hearing, defense reserved right to waive Rule 20 Proceedings. Govt moved for detention, on flight and danger, defense requested a continuance of detention. At the request of defense, without Govt objection, Detention Hearing set for 1/25/2021 at 02:00 PM in Courtroom 24 (CKD) before Magistrate Judge Carolyn K. Delaney. Court ordered dft temporarily detained. Government Counsel: Heiko Coppola, zoom appearance present. Defense Counsel: Tim Zindel, zoom appearance present. Custody Status: In custody. Court Reporter/CD Number: Tiphanne Crowe. (Buzo, P) (Entered: 01/21/2021) |
| 01/25/2021 | 2 | MINUTES (Text Only) for DETENTION HEARING held via video conference before Magistrate Judge Carolyn K. Delaney as to Jorge A Riley on 1/25/2021: Government continued to move for detention; Defense argued for release. After consideration the defendant is ordered temporarily detained to allow for briefing. Defense motion due by the end of 1/25/21; Government response is due by 1/26/21 end of day. A Further Detention Hearing set for 1/27/2021 at 02:00 PM in Courtroom 24 (CKD) before Magistrate Judge Carolyn K. Delaney. The court instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland.* Government Counsel: Heiko Coppola present. Defense Counsel: Tim Zindel present. Custody Status: In Custody. Court Reporter/CD Number: Kacy Barajas. (Streeter, J) (Entered: 01/25/2021) |
| 01/25/2021 | 3 | ORDER (TEXT ONLY) signed by Magistrate Judge Carolyn K. Delaney on 01/25/2021: According to the Federal Rules of Criminal Procedure Rule 5(f), the government is ordered to comply with its discovery obligations as required by federal law, including those duties imposed by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and all applicable decisions interpreting <u>Brady.</u> This order does not relieve any party of any other discovery obligation. The consequences for violating this order or the government's obligations under <u>Brady</u> may include sanctions, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges, among other consequences. (Streeter, J) (Entered: 01/25/2021) |
| 01/25/2021 | [4](#) | MEMORANDUM OF POINTS AND AUTHORITIES re DETENTION filed by Jorge A Riley. (Zindel, Timothy) Modified on 1/26/2021 (Kaminski, H). (Entered: 01/25/2021) |
| 01/26/2021 | [5](#) | OPPOSITION to Release of Defendant by USA. (Coppola, Heiko) Modified on 1/27/2021 (Coll, A). (Entered: 01/26/2021) |

| | | |
|---|---|---|
| 01/27/2021 | 6 | MINUTES (Text Only) for DETENTION HEARING held via video conference before Magistrate Judge Carolyn K. Delaney as to Jorge A Riley on 1/27/2021: Arguments heard, matter submitted. After consideration, and for the reasons stated on the record, the Court ordered the defendant detained and ordered he be transported to the District of Columbia, forthwith. Government Counsel: Heiko Coppola present. Defense Counsel: Tim Zindel present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Streeter, J) (Entered: 01/27/2021) |
| 01/27/2021 | 7 | SHACKLING MINUTE ORDER signed by Magistrate Judge Carolyn K. Delaney on 01/27/2021: Shackling not addressed.(USM # 26214-509). (Streeter, J) (Entered: 01/27/2021) |
| 01/27/2021 | 8 | DETENTION ORDER signed by Magistrate Judge Carolyn K. Delaney on 1/27/21 as to Jorge A Riley. (Kaminski, H) (Entered: 01/28/2021) |
| 01/27/2021 | 9 | COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Carolyn K. Delaney on 1/27/21 as to Jorge A Riley. Defendant committed to District of Columbia. (Kaminski, H) (Entered: 01/28/2021) |
| 01/28/2021 | 10 | TRANSMITTAL of DOCUMENTS re 9 Commitment to Another District on *1/27/2021* to * United States District Court* *District of Columbia* *333 Constitution Ave.* * NW, Washington, DC 20001*.<br>*Electronic Documents: 4 to 8 * (Kaminski, H) (Entered: 01/28/2021) |
| 01/28/2021 | 11 | TRANSCRIPT REQUEST for proceedings held on 1/27/2021 before Judge CKD. Court Reporter Kimberly Bennett. (Zindel, Timothy) (Entered: 01/28/2021) |
| 02/03/2021 | 12 | TRANSCRIPT of Proceedings as to Jorge A Riley held on 01/27/2021, before Magistrate Judge Carolyn K. Delaney, filed by Court Reporter Kimberly Bennett, Phone number 916-741-3475 E-mail reporter.bennett@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 2/25/2021. Redacted Transcript Deadline set for 3/8/2021. Release of Transcript Restriction set for 5/6/2021. (Bennett, K) (Entered: 02/03/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/04/2021 07:42:25 | | | |
| **PACER Login:** | BrittanyBryant:6635828:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-mj-00013-DB |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**