# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Case No. 21-cr-00069-APM-1 |
| | * |
| **JORGE A. RILEY** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## APPEAL OF ORDER OF DETENTION

**COMES NOW** the Defendant, Jorge Riley, by and through his attorney, Michael E. Lawlor and William C. Brennan, Brennan, McKenna & Lawlor, Chtd., and appeals the order of detention issued on January 27, 2021. In support of this pleading, counsel state the following.

## Introduction

On January 18, 2021, a sealed complaint was filed charging Mr. Riley with (1) obstructing or impeding an official proceeding in violation of 18 U.S.C. § 1512(c)(2); knowingly entering or remaining in a restricted building or grounds without lawful authority in violation of 18 U.S.C. § 1752(a)(1)&(2); and (3) violent entry and disorderly conduct on capitol grounds in violation of 40 U.S.C. § 5104(e)(2)(D)&(G). Mr. Riley was arrested at his home on January 19, 2021, and brought before the Honorable Deborah Barnes, United States Magistrate Judge for the Eastern District of California sitting in Sacramento, on January 20, 2021 for his

1

initial appearance, after which he was temporarily detained.[1] Mr. Riley's detention hearing was continued on January 25, 2021. On January 27, 2021, Mr. Riley appeared before United States Magistrate Judge Carolyn K. Delaney, for a detention hearing via Zoom, and was detained at the conclusion of that hearing. The Order of Detention is filed in the instant case at ECF 10.

On February 3, 2021, an indictment was filed charging Mr. Riley with: (1) obstructing or impeding an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and aiding and abetting (18 U.S.C. § 2); entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); and (3) disorderly and disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2); (4) disorderly conduct in a capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) and (5) parading, demonstrating, or picketing in a capitol building in violation of 40 U.S.C. § 5104(e)(2)(G).

At this time, Mr. Riley respectfully files this appeal challenging Magistrate Judge Delaney's order denying his request for release pending trial.

---

[1] The case was assigned the following number in the Eastern District of California, 21-mj-00013.

## Standard of Review

"If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). When acting on such a motion, the court reviews the Magistrate Judge's order *de novo. United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990); *United States v. Hudspeth,* 143 F.Supp.2d 32, 36 (D.D.C. 2001) (citing *Koenig* and adopting the *de novo* standard of review).

## Argument

In determining the applicable standard of review when there is an appeal of a review of an order of detention, federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *United States v. Motamedi*, 767 F. 2d 1403, 1405 (9th Cir. 1985), citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Only in rare circumstances should release be denied. *Motamedi*, 767 F. 2d at 1405. Furthermore, doubts regarding the propriety of release should be resolved in favor of the defendant. *Id.*

The Bail Reform Act of 1984 ("the Act") mandates that pretrial detention is permissible only where:

> After a hearing pursuant to the provision of 18 U.S.C. § 3142 (f) the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e).

Undersigned counsel argues that the magistrate court's order was substantially flawed in that it failed to find that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community, as required by substantive due process.

The Court is required to consider and dispose of every alternative before ordering pretrial incarceration under the Bail Reform Act. The alternatives provided by statute are well known to this Court, and are contained in 18 U.S.C. § 3142. Congress has determined that an individual may only be detained pending trial where the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). Detention of any person absent these findings constitutes a violation of substantive due process. *United States v. Salerno*, 481 U.S. 739, 746-47 (1987). The Order of Detention in this case, while the appropriate boxes are checked, the transcript of the detention hearing reveals that

Magistrate Judge Delaney failed to analyze why her specific concerns could not be reduced if not eliminated by supervision through Pretrial Services. As this Court reviews the order of detention, *de novo*, the following is submitted to support the position that Mr. Riley can be safely released into the community without a risk of flight.

Mr. Riley is 42 years of age and is a disabled veteran of the United States Army, having been honorably discharged in 2003 after 18 years of service. Mr. Riley describes himself as poor, living mostly on the $750 per month he receives in veteran's benefits. Due to his status as a disabled veteran, he is not employed, but has studied at the college-level since his discharge from the armed forces.

Mr. Riley is a resident of Sacramento, California, where he has lived in the same rented duplex for two years. However, prior to obtaining this housing, with governmental assistance, Mr. Riley was homeless. His continued detention will put his housing at risk. Further, Mr. Riley's estranged wife has repeatedly broken into his home and she is currently a defendant in a criminal case stemming from an assault against Mr. Riley. Mr. Riley has spent the majority of his adult-life in California, with brief domestic travel related to his service in the Army. He has never travelled internationally and does not have a passport. Pretrial Services

interviewed several of Mr. Riley's friends who have expressed their willingness to assist Mr. Riley were he to be released.

Mr. Riley faces charges, that while serious, do not involve violence participated in by Mr. Riley. As an example of Mr. Riley's dangerousness, the Government points to a Facebook post of his "you will all die." The Government takes this post out of context. The post, which has since been removed by Mr. Riley was in response to threats that were levied against him by a radical group. The post was not directed at members of Congress or anyone in the Capitol on January 6, 2021. Mr. Riley is not charged with anything regarding that post, or any other internet posting.

Despite being charged with non-violent crimes, detention presents a serious risk to Mr. Riley given his preexisting medical conditions and the largely uncontrolled COVID-19 pandemic in institutional settings, such as detention facilities. Mr. Riley has serious medical and mental health concerns that this Court should consider in making a determination as to Mr. Riley's detention. It should also be noted that Courts have not resumed full operations since the pandemic began – there are no jury trials currently scheduled for the foreseeable future and there is no way to know when Mr. Riley may be scheduled for trial.



Wherefore, in light of the foregoing information and argument, and any additional information and argument to be presented at the time of the hearing in this case, the Defendant respectfully argues that this Court may establish and order a condition, or combination of conditions, that will reasonably assure that the Defendant will be present at the trial of this case.

                              Respectfully submitted,

                              /s/
                           _____
                           Michael E. Lawlor
                           Brennan, McKenna & Lawlor, Chtd.
                           6305 Ivy Lane, Suite 700
                           Greenbelt, Maryland 20770
                           (301) 474-0044
                           mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that on this day, February 19, 2021, a copy of the foregoing was sent via ECF to the United States Attorney's Office for the District of Columbia.

/s/
_____
Michael E. Lawlor