# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 21-cr-69 (APM) |
| **JORGE A. RILEY,** | ) ) ) | |
| **Defendant.** | ) ) | |

## PRETRIAL ORDER

Trial is set to commence in this matter on **April 24, 2023**, at 9:30 a.m., in **Courtroom 10**. The following deadlines shall govern pretrial proceedings:

1. Defendant shall file any motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)–(D) on or before **November 28, 2022**; oppositions shall be filed on or before **December 12, 2022**; and replies shall be filed on or before **December 19, 2022**. Counsel shall appear on **January 27, 2023**, at 1:00 p.m., in Courtroom 10 for a hearing on Rule 12 pretrial motions, if necessary.

2. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **February 3, 2023**; any reciprocal expert disclosure by Defendant shall be made by **February 24, 2023**.

3. The United States shall identify the evidence it will seek to introduce under Federal Rule of Evidence 404(b) on or before **February 24, 2023**.

4. Defendant shall satisfy his reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **March 3, 2023**.

5. Motions in limine (including as to experts) shall be filed on or before **March 10, 2023**; oppositions shall be filed on or before **March 24, 2023**; and replies shall be filed on or before **March 31, 2023**.

6. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **April 10, 2023**. Any *Brady* material not already disclosed also must be disclosed by this date.

7. On or before **April 10, 2023**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>. The parties shall include a neutral statement of the case for the court to read to seated jurors at the start of preliminary instructions.

    b. <u>Proposed or modified voir dire questions</u>. Attached as Appendix A is a list of the court's standard voir dire questions, with questions added that are relevant to this case. The parties shall state (1) any objections to the standard voir dire questions; (2) any modifications to the standard voir dire questions; and (3) any additional proposed questions. If a party objects to a proposed modification or additional question, then that party shall state the grounds for the objection.

    c. <u>Proposed jury instructions</u>. The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. The parties need not submit the full text of any standard jury instruction, but should provide the full

text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

d. <u>List of witnesses</u>.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief.  Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

e. <u>Exhibit lists</u>.  The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief.  The parties need not list any exhibit that might be used for purposes of impeachment.  The parties should confer with Courtroom Deputy Jean Claude Douyon about the format of the exhibit list.  The parties *should not* provide a copy of the exhibits to the court, but must exchange pre-marked exhibits.  The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.  The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

f. <u>Stipulations</u>.  The parties shall submit a draft of all stipulations.

g. <u>Proposed verdict form</u>.  The parties shall include a draft verdict form, including any special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

8. In addition to filing the Joint Pretrial Statement on **April 10, 2023**, the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to the Courtroom Deputy Jean Claude Douyon at Jean-Claude_Douyon@dcd.uscourts.gov.

9. Counsel shall appear on **April 14, 2023**, at 1:00 p.m., in Courtroom 10 for a Pretrial Conference.

Dated: June 1, 2022

Amit P. Mehta
United States District Court Judge