UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORGE RILEY | Case No. 1:21-CR-00069-APM |

**MEMORANDUM IN SUPPORT OF MOTION
TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Mr. Riley is one of at least two dozen, and perhaps several hundred, persons whose convictions of violating 18 U.S.C. § 1512(c)(2) have been effectively nullified, at least in principle, by the Supreme Court's decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024). Because counsel for the United States is currently reviewing how it wishes to handle convictions undermined by *Fischer*, this memorandum is brief, intended to highlight the issues and the ground for relief.

I. **Factual and Procedural Background.**

A grand jury indicted Mr. Riley on February 3, 2021, on a count alleging that he violated 18 U.S.C. § 1512(c)(2) "by entering and remaining in the United States Capitol without authority and committing an act of civil disorder and engaging in disorderly and disruptive conduct" on January 6, 2021, a felony. Doc. 11. The indictment also alleged four misdemeanors arising from Mr. Riley's entering the Capitol building during the protests of January 6, but those charges were dismissed after Mr. Riley was sentenced on the 1512(c)(2) charge.

Mr. Riley pled guilty on March 7, 2023, to violating section 1512(c)(2).  Doc. 53.  The Statement of the Offense filed that day was also silent about any act involving records, documents, objects, or other things used in an official proceeding.  Doc. 54.  On June 28, 2024, the Supreme Court ruled that section 1512(c)(2) is violated only when the government proves "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so."  *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024).  A third source of information about Mr. Riley, his criminal complaint, makes clear that Mr. Riley did not violate the law as it has been interpreted by the Supreme Court because he merely entered the Capitol after it had been breached, walked around with other protestors, took selfies, and later crowed publicly about his activities.  *See* doc. 1.

On September 6, 2023, the Court sentenced Mr. Riley to serve 18 months in custody of the Bureau of Prisons.  Doc. 67.  Mr. Riley surrendered to the federal correctional complex at Lompoc, California, on November 28, 2023.  With credit for time he spent in pretrial detention, he has served all but the last three months and 24 days of his sentence.  The BOP inmate locator gives a current release date of November 2, 2024.

II.  **Applicable Law.**

Section 2255 of Title 28, U.S. Code, authorizes a "prisoner in custody under sentence of a" federal district court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been

such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate." *Id.* at (b).  The statute includes a one-year period of limitation, but Mr. Riley's motion was filed less than a year after judgment was entered.

### III.     Grounds for Relief.

Mr. Riley's motion states two grounds for relief.

First, Mr. Riley is imprisoned solely on a charge of violating 18 U.S.C. § 1512(c)(2).  On June 28, 2024, the Supreme Court held that a violation of that statute requires proof "that the defendant impaired the availability or integrity for use in an official proceeding of *records, documents, objects, or . . . other things used in the proceeding*, or attempted to do so." *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024).  At the time of Mr. Riley's plea, this Court and most other judges had rejected this interpretation of the statute.  No such impairment was charged in the indictment, mentioned in the criminal complaint, or established by Mr. Riley's statement of offense.  Accordingly, his conviction lacks any basis in fact and must be vacated.

To the contrary, each account of his conduct and his own statements relates a similar version of events.  Mr. Riley entered the Senate Wing Doors 10 minutes after others had breached them.  He then walked around the Capitol for under an hour with hundreds of other protestors, joining in chants and interacting with others.  Doc. 63.  He took several selfies.  He committed no acts of violence or destruction, nor did he advocate any such acts.  His main offense was a verbal rather than criminal one:  he repeatedly bragged on social media that he had helped "stop the steal," using language that made him one of the first to be arrested and charged.

Mr. Riley's second ground for relief arises from a decision in March by the District of Columbia Circuit. The Court held that a three-level guidelines adjustment for "substantial interference with the administration of justice," U.S.S.G. § 2J1.2(b)(2), "does not encompass Congress's role in the electoral certification process" and "does not extend to the unique congressional function of certifying electoral college votes." *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024). Mr. Riley's sentencing range under the guidelines was enhanced based on a misreading of section 2J1.2(b)(2), resulting a guidelines range of 15 to 21 months. PSR at ¶¶ 40, 92. Without the adjustment, his correct guideline range would have been 10 to 16 months, meaning that the 18-month sentence the Court imposed exceeded the correct guideline range.

## IV.   Mr. Riley's Conviction and Sentence Should Be Vacated.

The Court should set side Mr. Riley's sentence and discharge him. In *Davis v. United States,* 417 U.S. 333 (1974), the Supreme Court held that an interpretation of law rendering a conviction invalid is a proper basis for relief under section 2255. In *Davis*, the petitioner contended that an appellate court's interpretation of the law made after his conviction showed "that he could not lawfully be convicted." 417 U.S. at 346. Recognizing that, if correct, the Court observed that "Davis' conviction and punishment are for an act that the law does not make criminal." *Id.* Consequently, "[t]here can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255."

Mr. Riley is actually innocent of violating section 1512(c)(2) as the Supreme Court interpreted the status in *Fischer*. *See Bousley v. United States,* 523 U.S. 614, 622 (1998)(recognizing actual innocence as a basis for relief under section 2255). The government put forward in its complaint, sentencing memorandum, and factual statement the worst evidence

4

of Mr. Riley's conduct on January 6, including all his words and actions. None of those word or actions show any effort by Mr. Riley, personally or complicity, to "impair[] the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding," as required under *Fischer*. Consequently, the Court should vacate his sentence.

V.    **Conclusion.**

For the reasons stated above, Mr. Riley respectfully asks the Court to vacate Mr. Riley's sentence under 28 U.S.C. § 2255.

Respectfully submitted,

*/s/ Tim Zindel*

TIMOTHY ZINDEL
Attorney for Jorge Riley

Sacramento, California
July 8, 2024