## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      v.<br><br>JORGE RILEY | Case No. 1:21-CR-00069-APM |

### DEFENDANT'S MOTION FOR BAIL
### PENDING RESOLUTION OF HIS MOTION
### TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Mr. Riley moves the Court to issue an order releasing him from custody of the Bureau of Prisons while it considers his motion under 28 U.S.C. § 2255 to vacate his sentence, filed contemporaneously with this motion. Mr. Riley asks the Court to release him on the same conditions ordered when it released him pending trial, sentencing, and surrender. Release is warranted under section 2255 because his case involves special circumstances justifying release and a high probability of success on the merits.

### I.      Factual and Procedural Background.

A grand jury indicted Mr. Riley on February 3, 2021, on a count alleging that he violated 18 U.S.C. § 1512(c)(2) "by entering and remaining in the United States Capitol without authority and committing an act of civil disorder and engaging in disorderly and disruptive conduct" on January 6, 2021, a felony. Doc. 11. The indictment also alleged four misdemeanors arising from Mr. Riley's entering the Capitol building during the protests of January 6, but those charges were dismissed after Mr. Riley was sentenced on the 1512(c)(2) charge.

Mr. Riley pled guilty on March 7, 2023, to violating section 1512(c)(2).  Doc. 53.  The Statement of the Offense filed that day, like the indictment itself, made no reference to acts of obstruction involving records, documents, objects, or other things used in an official proceeding. Doc. 54.  On June 28, 2024, the Supreme Court ruled that section 1512(c)(2) is violated only when the government proves "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so."  *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024).  Mr. Riley did not violate the law as it has been interpreted by the Supreme Court.

On September 6, 2023, the Court sentenced Mr. Riley to serve 18 months in custody of the Bureau of Prisons.  Doc. 67.  Mr. Riley surrendered to the federal correctional complex at Lompoc, California, on November 28, 2023.  With credit for time he spent in pretrial detention, he has served all but the last four months of his sentence.  The BOP inmate locator gives a current release date of November 2, 2024.

## II.  Applicable Law.

The authority to rule upon a motion seeking to vacate a sentence under section 2255 gives the district court "inherent power" to release a person seeking relief, while the motion awaits a ruling on the merits.  *Guerra v. Meese*, 786 F.2d 414, 417 (D.C. Cir. 1986)(jurisdiction to rule on a 2255 motion includes inherent power to grant bail pending determination on the merits); *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986)("[i]n a § 2255 proceeding, the court's jurisdiction to order release . . . includes an inherent power to grant bail or release, pending determination of the merits").  Under *Kelly*, the movant must meet a "heightened standard requiring a showing of exceptional circumstances."  *Id.*

Courts typically require a movant to show exceptional circumstances why bail should be granted, in light of the presumed validity of the conviction and absence of an appeal. For example, the Sixth Circuit provides that the movant must show that his motion is based on a substantial claim of law and that it is based on exceptional circumstances. *See, e.g., Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). The Tenth Circuit has held that the movant must make "a showing of exceptional circumstances . . . for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Plaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).

Mr. Riley has a clear case for relief for the reasons discussed below.

### III.    Mr. Riley Should Be Released Pending Resolution of His Motion.

The circumstances of Mr. Riley's case are unusual because of a combination of circumstances that make the sentence he has nearly completed plainly unfair.

First, in March, the District of Columbia Circuit held that a three-level guidelines adjustment for "substantial interference with the administration of justice," U.S.S.G. § 2J1.2(b)(2), "does not encompass Congress's role in the electoral certification process" and "does not extend to the unique congressional function of certifying electoral college votes." *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024). Mr. Riley's guidelines were enhanced based on a misreading of section 2J1.2(b)(2), resulting a guidelines range of 15 to 21 months. PSR at ¶¶ 40, 92. Without the adjustment, his correct guideline range is 10 to 16 months, meaning that the 18-month sentence the Court imposed exceeds the correct guideline range.

Second, and more important, Mr. Riley is innocent of violating the sole charge for which he is imprisoned. Even a broad reading of the detailed criminal complaint, written to put him in the worst possible light, shows that he did not "impair[] the availability or integrity for use in an official proceeding of *records, documents, objects, or . . . other things used in the proceeding*, or

attempt[] to do so." *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024). *See* doc. 1. No such activity is charged in the indictment. Every account of his conduct and his own statements relate the same version of events: he entered the Senate Wing Doors 10 minutes after others had breached them, walked around for under an hour with hundreds of other protestors, took selfies, and committed no acts of violence or destruction. Doc. 63. His main offense was that he repeatedly bragged on social media that he had helped "stop the steal," using language that made him one of the first to be arrested and charged.

The combined factors of Mr. Riley's obvious innocence of the 1512(c)(2) felony, combined with his service of an over-long sentence, are extraordinary and warrant his release pending the Court's consideration of his motion under section 2255. He pled guilty to count one in reliance on an interpretation of section 1512(c)(2) that the highest court in the land has now invalidated. All evidence points to his innocence of the charge as the Supreme Court has interpreted it. At sentencing he was scored for having substantially interfered with the administration of justice, but the Court of Appeals has since excluded his conduct from the scope of this enhanced penalty. The first-mentioned occurrence invalidates his conviction while the second invalidates his sentence. The invalidity of his conviction under *Fischer* betokens a high probability of success.

On its face, Mr. Riley's innocence of the charge to which he pled guilty is both a substantial claim of law and is also based on exceptional circumstances. The claim is substantial because it demonstrates that Mr. Riley did not commit the crime to which he pled guilty, is innocent, and should therefore not be imprisoned. The circumstance is exceptional because only rarely does a case arise where reviewing courts detect any defect in the government's theory of liability in a manner so clearly demonstrating innocence of the moving party. While the

4

government may ultimately object to the granting of relief, one argument it will not make is that Mr. Riley was rightfully imprisoned for committing a crime he did not commit.  No version of the Department of Justice is likely to claim that it is fair to imprison an innocent man, particularly when lesser crimes exist that may be re-filed, leading to a result that is, at least, just.  A contrary position would severely undermine both the administration of justice and the respect of the American people for the rule of law.

Mr. Riley will not flee or to pose any kind of danger.  He attended all Court proceedings at his own expense, flying from California to appear in person in Washington.  He did not violate his conditions of release.  He surrendered when ordered and has served his sentence with dignity and with ongoing respect for the process.  Courts have found a defendant's successful pretrial release to be a significant factor supporting release in a post-conviction proceeding under the exceptional circumstances test.  *See, e.g., Wroclawski v. United States*, 634 F. Supp. 2d 1003, 1007 (D. Ariz. 2009); *United States v. Mitchell*, 358 F. Supp. 2d 707, 709 (E.D. Wisc. 2005).

Mr. Riley is also likely to have served all or nearly all of his sentence if not released:  he has less than four months left to serve.  Courts have held that the likelihood that an erroneous sentence will be fully served before a Court may consider a request for relief is an exceptional circumstance warranting release.  *See, e.g., United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003)(noting the likelihood that an adverse decision will be appealed and "that review could be complex and time-consuming (and potentially could require a remand)").

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**IV.     Conclusion.**

For the reasons stated above, Mr. Riley respectfully asks the Court to order him released

from custody pending consideration of his motion to vacate his sentence under 28 U.S.C. § 2255.


Respectfully submitted,

*/s/ Tim Zindel*

TIMOTHY ZINDEL
Attorney for Jorge Riley

Sacramento, California
July 8, 2024

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.                                          Case No. 1:21-CR-00069-APM

JORGE RILEY

**<u>ORDER</u>**

The Court has reviewed defendant's motion to for release pending consideration of his

motion under 28 U.S.C. § 2255.  The motion is hereby GRANTED.  Mr. Riley is ORDERED

released on the conditions of pretrial release ordered on February 24, 2021.

_____
HON. AMIT P. MEHTA
United States District Judge