UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORGE RILEY,<br><br>    Defendant. | Case No. 21-CR-00069 (APM) |

## GOVERNMENT'S RESPONSE TO THE COURT'S JULY 9, 2024 ORDER

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's July 9, 2024 Minute Order issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). On June 8, 2024, the defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, Dkt. 71, and a motion for release pending resolution of his motion to vacate his sentence. Dkt. 72. On June 9, 2024, the Court ordered the United States to respond to the defendant's motion for release (Dkt. 72) by July 11, 2024. Under the narrow circumstances here, the United States does not object to the specific relief sought in defendant's motion for release (namely, release from custody subject to the same conditions in place at the time of his surrender pending evaluation and resolution of the merits of his Section 2255 claim). However, the United States continues to review and evaluate the impact of *Fischer* on cases involving Capitol riot defendants charged with 18 U.S.C. § 1512(c)(2) and it is not waiving or conceding any substantive or procedural arguments or defenses with respect to defendant's claims.

    As this Court is aware, the Supreme Court held in *Fischer* that Section 1512(c)(2) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *See Fischer*, 2024 WL 3208034 at *6. However, the Court did not reject the application of § 1512(c)(2) to

January 6 prosecutions. Rather, the Court explained that the government must establish that a defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at *10. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may or may not include circumstances like certain facts in this case. Given the ongoing litigation in *Fischer* and its remand to the court of appeals, nothing in this response should be construed as a concession that the defendant has a meritorious claim under *Fischer* or that *Fischer* is likely to provide grounds for post-conviction relief for the defendant.

The standard for any motion to vacate a sentence pursuant to 28 U.S.C. § 2255 is both stringent and demanding. *See, e.g., Meskel v. United States*, No. 04-CR-0053(RMU), 2005 WL 1903375, at *2 (D.D.C. July 13, 2005) (quoting *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985)). Riley's motion faces greater challenges still, for a wide range of reasons that may include but are certainly not limited to questions concerning the outcome of the remand in *Fischer*, the impact of Riley's plea agreement, and relevant procedural and substantive arguments unique to the 2255 context. In short, the United States' decision to not oppose Riley's motion for release should in no way be understood as a waiver or concession regarding the merits of Riley's Section 2255 claims, collateral attacks based on *Fischer* generally, or any other January 6 case that may (or may not) be impacted by *Fischer*.

Riley has served over eight months of his sentence, and his anticipated release date is November 1, 2024. For the forgoing reasons, the government does not oppose the relief sought in defendant's motion for release pending resolution of his motion to vacate his sentence pursuant to

28 U.S.C. § 2255, namely, that he be released from custody subject to the same conditions of release in effect at the time of his surrender.

                                                  Respectfully submitted,

                                                  MATTHEW M. GRAVES
                                                  UNITED STATES ATTORNEY

BY:    */s/ Craig Estes*
            CRAIG ESTES
            Massachusetts BBO No. 670370
            Assistant United States Attorney
            United States Attorney's Office for the
            District of Columbia (detailee)
            craig.estes@usdoj.gov