UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE RILEY,

    Defendant.

Case No. 1:21-CR-00069-APM

**SUPPLEMENT TO REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

This memorandum is to alert the Court to a recent memorandum opinion by Judge Howell of this district granting a motion for relief under 28 U.S.C. § 2255 in a case raising issues identical to those Mr. Riley raised in his § 2255 motion, by the government in its opposition, and by Mr. Riley in response. *See United States v. DeCarlo and Ochs*, 1:21-CR-0073-BAH at doc. 124.

Defendants DeCarlo and Ochs pled guilty to one count of felony obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), based on entering the Capitol with other rioters on January 6, 2021, to stop certification of the 2020 election. Both pled guilty under agreements containing waivers of appeal and collateral attack identical to those in Mr. Riley's plea agreement. *DeCarlo,* doc. 24 at 9. The Court sentenced the two men to prison in December 2022 and dismissed other counts charged in their indictments. *Id.* at 10. Neither filed a direct appeal. *Id.* Eighteen months after sentencing, shortly after the Supreme Court decided *Fischer v. United*

*States*, 603 U.S. \_\_\_, 144 S. Ct. 2176 (2024), they moved the Court pursuant to 28 U.S.C. § 2255 to vacate their convictions, arguing that they were innocent of violating section 1512(c)(2) as narrowed by *Fischer*. *Id.* at 11.

In granting relief, Judge Howell made the following rulings that are relevant to the issues raised by Mr. Riley.

First, she held that defendants had "overcome their procedural default" by "demonstrat[ing] their actual innocence of their Section 1512(c)(2) convictions," so that their claims could be raised and considered:

> In sum, no evidence currently in the record shows defendants' specific intent to impair the availability of documents, records, or other things to be used in the certification proceeding and the government proffers no additional evidence to show that defendants violated Section 1512(c)(2), as narrowly interpreted by *Fischer*. The Court must therefore find that no evidence has been presented on which a properly instructed, reasonable juror could find that defendants violated Section 1512(c)(2), either by actually impairing the availability of documents, records, objects or other things of evidentiary value for use in the official proceeding in Congress or by attempting to do so. As a result, defendants have demonstrated their actual innocence of their Section 1512(c)(2) convictions and made the requisite showing to overcome their procedural default, allowing them to raise the claims in their Section 2255 motion on collateral attack.

*Id.* at 31.

Second, while she found that defendants' collateral attack waivers were valid,[1] she found that the waivers could not be enforced because "the D.C. Circuit has recognized a narrow exception to the enforceability of otherwise valid appeal or collateral attack waivers when enforcing such a waiver would create a 'miscarriage of justice.'" *Id.* at 39, citing *United States v. Adams*, 780 F.3d 1182, 1184 (D.C. Cir. 2015), and *United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009). She noted also that the Supreme Court had recognized a comparable exception

---

[1] DeCarlo and Ochs did not claim that the government had breached their plea agreements, which Mr. Riley believes makes the agreement and waivers unenforceable.

in *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *House v. Bell*, 547 U.S. 518, 536 (2006). Accordingly, she held that the Court could reach the merits of defendants' motion. She ruled:

> In light of these core principles of our legal system, which have led both the Supreme Court to excuse procedural defaults for habeas petitioners who can demonstrate their actual innocence under *Bousley*, and the D.C. Circuit to recognize a miscarriage of justice exception to the enforceability of plea waivers, the Court holds that the D.C. Circuit's miscarriage of justice exception to the general enforceability of valid plea waivers allows defendants, who have filed a cognizable Section 2255 motion and have demonstrated their actual innocence of their crime of conviction (and any foregone charges under *Bousley*), to have the merits of their Section 2255 motion considered, notwithstanding the otherwise-enforceable plea waivers that would bar the challenge filed.

*DeCarlo*, doc. 124 at 42.

The Court found that "Defendants here have succeeded in demonstrating their actual innocence." *Id.* at 45. "The government has established no alternative viable theories of criminal liability, under Section 1512(c)(2), to rebut defendants' claim of innocence of this statute of conviction on the evidence provided . . . ." *Id.* at 46. Accordingly, she granted the motions and vacated defendants' convictions of violating section 1512(c)(2). *Id.* at 47

Respectfully submitted,

/s/ Tim Zindel

TIMOTHY ZINDEL
Attorney for Jorge Riley

November 7, 2024