UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JORGE A. RILEY, )<br>)<br>Defendant. )<br>) | )<br>)<br>)<br>) Criminal No. 21-cr-69 (APM)<br>)<br>)<br>)<br>) |

# ORDER

Following President Trump's pardoning of January 6 defendants, the United States filed, pursuant to Rule of Criminal Procedure 48(a), a motion to "dismiss the indictment against the defendant with prejudice." Mot. to Dismiss, ECF No. 84. The court defers ruling on the motion.

Unlike in the bevy of January 6 cases recently dismissed under Rule 48(a), Defendant Riley's sole conviction for a violation of 18 U.S.C. § 1512(c)(2) is final. The D.C. Circuit has cast doubt on whether Rule 48 can be used to vacate a final conviction. *See United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006) (noting that "both the text of [Rule 48] and its roots in the common law doctrine of *nolle prosequi* cast doubt on Rule 48's applicability postconviction" but not deciding whether Rule 48 "can properly be used to vacate a final conviction"). The government does not explain how Rule 48 applies in these circumstances.

Further, if the government's intent here is to vacate Defendant's conviction by withdrawing its opposition to the pending motion brought under 18 U.S.C. § 2255, ECF No. 71, then a separate problem arises: because Defendant has been pardoned, the court likely no longer has subject matter jurisdiction now that he is no longer "in custody." *See Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) ("[F]or a court to exercise habeas jurisdiction over a petitioner no longer in

custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." (internal quotation marks omitted)); *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) ("For example, a petitioner who is on parole, probation, supervised release, or released on bail is deemed to be 'in custody' for habeas purposes.").

If the parties agree that vacating Defendant's conviction is appropriate, there remains an avenue for possible relief: a writ of coram nobis. *See United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.") (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). The pending § 2255 motion could be converted to such a writ if vacating the conviction is the desired outcome. The court offers no opinion, however, as to whether this is the type of "extraordinary case[]" to which the writ might apply. *Id.* (quoting *United States v. Denedo*, 556 U.S. 904, 911 (2009)).

The court hereby directs the parties to meet and confer and, by January 29, 2025, file a Joint Status Report that sets forth how they wish to proceed in this matter.

Date: January 22, 2025

Amit P. Mehta
United States District Court Judge

2