UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)    Case No. 21-cr-69 (APM)<br>JORGE A. RILEY,            )<br>)<br>Defendant.           )<br>) | |

### ORDER

Before the court is Defendant Jorge Riley's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 71, and the government's Motion to Dismiss Indictment with Prejudice Pursuant to Federal Rule of Criminal Procedure 48(a), ECF No. 84.

The court is satisfied that President Trump's pardon does not moot Defendant's § 2255 motion. Defendant was "in custody" at the time he filed the motion, and because he seeks vacatur of a criminal conviction that has collateral consequences beyond the relief afforded by the pardon, there remains a live "case or controversy" for purposes of Article III. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *United States v. Mejia*, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022) ("The special assessment attributable to the conviction the appellant seeks to challenge precludes a mootness finding in this matter."). Accordingly, the court has jurisdiction to consider Defendant's § 2255 motion.

The court now grants that motion because Defendant's admitted conduct does not support a conviction for obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), *see Fischer v. United States*, 603 U.S. 480 (2024). Accordingly, the court hereby vacates Defendant's conviction. *See Davis v. United States*, 417 U.S. 333, 346–47 (1974) (holding that if the defendant's "conviction and punishment are for an act that the law does not make criminal[,]"

"[t]here can be no room for doubt that such circumstances 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

In light of the foregoing, the court need not reach the government's contention that Rule 48(a) allows the court to dismiss an indictment even when a conviction has become final when, as here, a timely filed § 2255 motion is pending. *See* Gov't's Resp. to Def.'s Supplemental Br., ECF No. 89. Accordingly, the government's Motion to Dismiss Indictment with Prejudice, ECF No. 84, is denied as moot.[1]

Dated: April 1, 2025

Amit P. Mehta
United States District Judge

---

[1] The court discerns no difference between dismissal of the indictment, on the one hand, and the combined vacating of Defendant's § 1512(c)(2) conviction and the dismissal of other counts of the indictment at sentencing, on the other. All the original counts against Defendant are now dismissed or vacated. If the parties believe the court is incorrect, and that the court must rule on the government's dismissal motion because there is some discernable benefit to Defendant to providing relief through that process rather than the court's approach, either party is free to seek reconsideration.